# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT, MICHIGAN

ZEBINISO RAZIKOVA,

Plaintiff,

v.

MARCO RUBIO, United States Secretary of State, PAMELA J. BONDI, United States Attorney General, JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services

Defendant.
_____

Case No. 25-13007
Hon._____

COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT, MICHIGAN

ZEBINISO RAZIKOVA,

Plaintiff,

v.

MARCO RUBIO, United States Secretary of State, PAMELA J. BONDI, United States Attorney General, JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services

Defendant.
_____

Case No. 25-13007
Hon._____

COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT

## INTRODUCTION

Plaintiff, Zebiniso Razikova ("Plaintiff") seeks an order compelling Marco Rubio, Pamela J. Bondi, and Joseph B. Edlow ("Defendants"), to process her step-child's immigrant visa, which has been unlawfully withheld and unreasonably delayed.

## FACTUAL ALLEGATIONS

1. Plaintiff is a citizen of the United States. (Exh A)

2. Plaintiff's step-child is a citizen of Uzbekistan. (Exh B)

3. Plaintiff married her step-child's biological father on November 19, 2019. (Exh C). At the time, the step-child was under the age of 18 (Exh D).

4. Plaintiff filed a family petition on behalf of her step-child (USCIS Form I-

130) on 04/15/2021. The Petition was approved on 11/02/2021. (Exh E)

5. On 11/06/2021, the approved petition was forwarded to the U.S. Department of State for immigrant visa processing. (Exh F)

6. On 06/22/2022, the step-child, a.k.a. Nigora Omonova ("Nigora"), was scheduled for a visa interview at the U.S. Embassy in Tashkent, Uzbekistan. The interview was set for 08/04/2022. (Exh G)

7. On 08/04/2022, Nigora attended the interview at the U.S. Embassy in Tashkent.

8. Four months after the interview on 12/13/2022, Nigora was contacted directly through the Telegram messaging app by a man named Murod Hasanov ("Hasanov"), who claimed to be an employee of the U.S. Embassy in Tashkent. (Exh H)

9. Hasanov requested that Nigora send him pictures of her biological father and step-mother, i.e. the Plaintiff, and Nigora complied.

10. Hasanov continued to message Nigora, asking for personal information, to which Nigora provided.

11. Hasanov then asked Nigora personal questions unrelated to the case and requested to speak with her father, even calling her once through the app.

12. Nigora declined to answer those questions stating that she did not feel comfortable answering these personal questions over the Telegram app.

13. Hasanov summoned Nigora to the embassy on 12/14/2022. She was never provided an appointment letter. Hasanov requested to investigate her phone and Nigora declined.

14. On 02/02/2023, Nigora was summoned to the embassy to be informed that her immigrant visa was being refused and her case was being returned to USCIS for reconsideration/revocation on the grounds that no legitimate stepparent/stepchild relationship "appears to exist." (Exh I). Nigora was not provided with anything in writing or further elaboration on this decision.

15. On 04/13/2023, the Embassy informed Petitioner's counsel that the case was returned to USCIS on 01/30/2023.

16. To date, no further correspondence has been received by the Petitioner from USCIS.

17. A check of the case status using the petition's receipt number indicates that the last action taken on the case was on 11/06/2021, when the case was forwarded to the U.S. Department of State.

18. Plaintiffs retained the undersigned counsel on 08/19/2025 to seek a resolution to the case.

19. On that same day, undersigned counsel called the USCIS contact center and spoke to a representative, requesting an update on the status of the case.

20. The USCIS representative informed counsel that according to the system,

the case shows that the last action taken was on 11/06/2021 and that there are no further notes on the case.

21. More than two years have passed since Nigora was informed that her case was refused, with no further action on her case by the Department of State or USCIS, despite being told that the case would be returned to for reconsideration or revocation.

22. Plaintiff has exhausted all available remedies.

## JURISDICTION

23. This Court has jurisdiction pursuant to 28 U.S.C. §1361, the mandamus statute; 28 U.S.C. §1331, general federal question jurisdiction; and 5 U.S.C. §702, et. seq., the Administrative Procedures Act.

## VENUE

24. Plaintiff currently resides at 516 St. John, Apt 101, Ypsilanti, Michigan 48197. Pursuant to 28 U.S.C. §1391(e), venue is proper in the judicial district in which the Plaintiff resides because the Defendants are employees or officers of the United States, acting in their official capacity, and there is no real property involved in this action.

## PARTIES

25. Plaintiff, Zebinido Razikova, is a citizen of the United States residing in Ypsilanti, Michigan.

26. Defendant Marco Rubio, U.S. Secretary of State, is being sued in his official capacity. In this capacity, he is the head of the Department of State, which controls the operations of U.S. Embassies around the world.

27. Pamela J. Bondi, U.S. Attorney General, is being sued in her official capacity. In this capacity, she has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103.

28. Defendant Joseph B. Edlow is being sued in his official capacity as the Director of the U.S. Citizenship and Immigration Services ("USCIS"), the agency responsible for the adjudication of family petitions for an immigrant visa.

## CAUSES OF ACTION

## COUNT ONE – MANDAMUS

29. Plaintiffs incorporate the allegations in the paragraphs above as though fully set forth herein, word for word and paragraph for paragraph.

30. Plaintiff has a clear and statutory right to petition for her step-child pursuant to 8 U.S.C. § 1154(a)(1)(A)(i); *See also* 8 U.S.C. § 1101(b)(1)(B) (including step-children under the definition of "child" in the Immigration and Nationality Act).

31. 8 U.S.C. § 1101(b)(1)(B) requires only that a step-parent relationship be formed before the child reaches 18, irrespective of the strength of the

relationship. *See Medina-Morales v. Ashcroft,* 371 F.3d 520, 531 (9th Cir. 2004); *Matter of Vizcaino*, 19 I. & N. Dec. 644, 648 (BIA 1988); *Matter of Morales*, 25 I&N Dec. 186 (BIA 2010).

32. Defendants have a clear and statutory duty to issue an immigrant visa pursuant to an approved family petition unless the consular officer suspends action and returns the petition with a report of the facts, if the officers knows or has reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means. 22 C.F.R. § 42.43 (2025).

33. In this case the Embassy indicated that Plaintiff's petition was refused "on the grounds that no legitimate stepparent/stepchild relationship appears to exist." That is not a valid basis for refusal under the law, and it clearly erroneous given the documentary evidence.

34. Plaintiff has no other adequate remedy at law and will suffer irreparable harm if her step-child's petition is not approved.

35. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. 28 U.S.C. §1361.

## COUNT TWO - ADMINISTRATIVE PROCEDURE ACT

36. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth herein.

37. Pursuant to the Act, a reviewing Court is authorized to "compel agency action unlawfully withheld or unreasonably delayed."

38. Courts frequently assess reasonableness using a balancing test, in which a statutory requirement is a very substantial factor. See *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d, 70, 77-78 (D.C. Cir. 1984).

39. Defendants have duty to issue an immigrant visa pursuant to an approved family petition unless the consular officer suspends action and returns the petition with a report of the facts, if the officers knows or has reason to believe that approval of the petition was obtained by fraud, misrepresentation, or other unlawful means. 22 C.F.R. § 42.43 (2025)

40. The Department of State refused to issue the immigrant visa based on an arbitrary finding outside the scope of the law, thus violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

41. USCIS has failed to timely render on a decision on the supposedly returned family petition.

42. Pursuant to 5 U.S.C. §706(2)(a), courts can set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Moreover, per 5 U.S.C. §706(1), a federal court "shall compel agency action unlawfully withheld or unreasonably delayed." See also

*Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 452 (6th Cir. 2022).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Honorable Court grant the following relief:

43. Assume jurisdiction and maintain continuing jurisdiction of this action;

44. Order USCIS to immediately return the file to the U.S. Embassy in Tashkent, no later than 30 days of the order.

45. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. §1361, and/or 5 U.S.C. §706(1) compelling the Department of State to issue an immigrant visa to the beneficiary of the approved family petition within 45 days of the order;

46. Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412; and

47. Award such further relief as the Court deems just and proper.

Dated: September 23, 2025     Respectfully submitted,

/s/ Julian M. Daman
_____
Julian M. Daman (P-82746)
Attorney for Plaintiffs
Jajonie Daman, P.C
29201 Telegraph Rd., Suite 330
Southfield, MI 48034
Ph: (248) 327-6968 / Fax: (248) 809-3579
jdaman@damanlaw.com

## LOCAL RULE CERTIFICATION

I, Julian M. Daman, certify that this document complies with all relevant local rules.

_____
Julian M. Daman (P-82746)

## CERTIFICATE OF SERVICE

I, Julian M. Daman, duly administered attorney to the State Bar of Michigan and the United States District Court Eastern District of Michigan, hereby certify that on this 23rd day of September, 2025 a copy of the foregoing complaint was electronically served upon counsel for defendants, who participates in the CM/ECF system, as well as a hard copy mailed to:

> United States Attorney's Office
> Attn: Zak Toomey, Defensive Litigation Unit
> 211 W. Fort Street, Suite 2001
> Detroit, MI 48226

_____
Julian M. Daman (P-82746)